MEMORANDUM *
Jackson alleges that the District Court’s decision to grant summary judgment to defendants on plaintiff’s due process claim was improper since there a liberty interest was at stake. We agree. The Supreme Court in Wilkinson v. Austin, 545 U.S. 209, 223, 125 S.Ct. 2384, 162 L.Ed.2d 174 (2005), did not state that only indefinite transfers to security housing units implicate liberty interests, but that a transfer of thirty days or less did not implicate liberty interests. Plaintiff was kept in the security housing unit for five months, a significant amount of time. It is unclear whether a liberty interest is implicated by plaintiffs five month confinement *660 in the security housing unit. The District Court erred by granting summary judgment on plaintiffs due process claim.
Plaintiff also alleges that the District Court acted improperly in dismissing his case for failure to exhaust administrative remedies. It is necessary that administrative remedies be properly exhausted before prisoners begin the appeals process. 42 U.S.C. § 1997(e); see Woodford v. Ngo, 548 U.S. 81, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006). However, plaintiff exhausted his administrative remedies by winning his first appeal. After that victory, the administrative process could no longer provide relief since relief had been granted. Sec Brown v. Valoff 422 F.3d 926, 935 (9th Cir.2005). Although defendants claim that plaintiffs failure to file proper paperwork with his second appeal is facial evidence that plaintiff did not exhaust his administrative remedies, this argument is unpersuasive. Once plaintiff won his first appeal, the prison had a duty to prevent plaintiff’s transfer to the security housing unit. That duty includes notifying the personnel responsible for transferring prisoners that plaintiff should not have been transferred, as stated in California’s Department of Corrections Operations Manual. § 54100.18.3.2. The District Court erred by dismissing plaintiffs claim.
Finally, plaintiff alleges that the District Court was wrong to dismiss his claim that “his First Amendment right to petition the government for redress of grievances” was violated. Per the Prison Litigation Reform Act, a prisoner may not petition the courts before his administrative remedies are exhausted. As a result, “a prisoner’s fundamental right of access to the courts hinges on his ability to access the prison grievance system.” Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir.1995). Since plaintiff properly exhausted his administrative remedies through successful appeal but was denied the remedy he had been granted, he has the right to petition the courts for a violation of his First Amendment rights. The District Court erred by dismissing plaintiffs First Amendment claim under Federal Rule of Civil Procedure 12(b)(6).
REVERSED AND REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.